UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 15-22708-CIV-KMM

DAGOBERTO CATALINO DIAZ )
HERNANDEZ and all others similarly )
situated under 29 U.S.C. 216(b), )
            )
      Plaintiff, )
            )
vs.          )
            )
LAUNDRY ZONE, INC., )
JOSEPH LAHOUD, )
JEANNE D'ARC LAHOUD, )
            )
      Defendants. )
_____)

## DEFENDANTS' MOTION TO STAY DISCOVERY

Defendants, Laundry Zone, Inc. ("Laundry Zone"), Joseph Lahoud ("Mr. Lahoud"), and Jeanne Lahoud ("Mrs. Lahoud") (collectively, "Defendants"), by and through its undersigned counsel and pursuant to the Federal Rules of Civil Procedure, respectfully ask the Court to stay discovery until a decision has been made on Defendants' Motion to Dismiss or in the Alternative Motion for Summary Judgment ("Motion") [DE 15], and state as follows:

1.    Plaintiff filed his Amended Complaint against Defendants on August 7, 2015 alleging violations of the Fair Labor Standards Act.

2.    Defendants filed their Motion on August 28, 2015. Defendant Laundry Zone is a family-owned laundromat, owned by Mr & Mrs. Lahoud. Defendant Laundry Zone has no employees and is self-service. Defendant Laundry Zone does not create any goods and its customers are exclusively located within the North Miami, Florida

**1** of **4**

area. Defendant Laundry Zone's yearly gross volume of sales is well below $500,000, the jurisdictional requirement. See materials filed in support of Motion [DE 15].

3. Plaintiff served Interrogatories and Requests for Production on November 10, 2015 and also asked to take the depositions of Mr. and Mrs. Lahoud as well as the deposition of Laundry Zone's corporate representative.

4. Defendants believe that their Motion will be successful and Mr. and Mrs. Lahoud have extremely limited resources to defend this action. In the interest of a "just, speedy, and inexpensive determination of [this] action," Defendants requests that all discovery in relation to Plaintiff's allegations, specifically Plaintiff's Interrogatories, Requests for Production, and Depositions be <u>stayed</u> until an adjudication of the substantive arguments in the Motion.

5. The requested stay will prevent unnecessary discovery disputes, as well as decrease the related judicial labor and parties' expense bound to result from the extensive discovery that Plaintiff propounded. Instead of burdening the Court with such disputes, a stay would properly allow the Court to focus on a determination of the threshold issue at the heart of Defendants' Motion, *.i.e.*, whether the FLSA applies to Laundry Zone, as a family-run small business with zero employees and less than $500,000 in gross sales.

6. Federal courts have broad discretion to stay proceedings as part of their inherent authority to control their dockets. *See Clinton v. Jones*, 520 U.S. 681, 706 (1997) ("The District Court has broad discretion to stay proceedings as an incident to its power to control its own docket."). Therefore, it should come as no surprise that the Eleventh Circuit has repeatedly instructed that:

> ***Facial challenges to the legal sufficiency of a claim . . . such as a motion to dismiss should . . . be resolved before discovery begins***. Such a dispute always presents a purely legal question; there are no issues of fact because the allegations contained in the pleading are presumed to be true.
>
> Although mechanisms for effective discovery are essential to the fairness of our system of litigation, they also carry significant costs…If the district court dismisses a nonmeritorious claim before discovery has begun, unnecessary costs to the litigants and to the court system can be avoided. Conversely, delaying ruling on a motion to dismiss such a claim until after the parties complete discovery encourages abusive discovery and, if the court ultimately dismisses the claim, imposes unnecessary costs…Allowing a case to proceed through the pretrial processes with an invalid claim that increases the costs of the case does nothing but waste the resources of the litigants in the action before the court, delay resolution of disputes between other litigants, squander scarce judicial resources, and damage the integrity and the public's perception of the federal judicial system.

*Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1367-68 (11th Cir.1997) (emphasis added) (citations and footnotes omitted); *accord Cotton v. Mass. Mut. Life Ins. Co.*, 402 F.3d 1267, 1292 (11th Cir. 2005); *World Holdings, LLC v. Fed. Republic of Germany*, 701 F.3d 641, 655 (11th Cir. 2012); *Inman v. Am. Paramount Fin.*, 517 F. App'x. 744, 749 (11th Cir. 2013); *see also Moore v. Potter*, 141 F. App'x. 803, 807-08 (11th Cir. 2005) (affirming the trial court's order staying discovery until a ruling on the defendants' motion to dismiss).

7. Counsel for Defendants certifies that Defendants conferred with counsel for Plaintiff in a good faith effort to resolve this Motion by agreement and that the parties were unable to do so.

WHEREFORE, Defendants respectfully request that the Court issue an order: (a) granting this Motion, (b) staying all discovery, specifically Plaintiff's Depositions, Interrogatories, and Request for Production and preserving any objections to the

specific requests pending an adjudication of the Motion, and (c) granting Defendants any other relief deemed just and proper.

        Respectfully submitted,

        SHUTTS & BOWEN LLP
*Attorneys for Defendants*
201 S. Biscayne Boulevard, 1500
Miami, Florida  33131
Telephone:   305-379-9103
Facsimile:   305-347-7386

By:  *s/ Sheila M. Cesarano*
     Sheila M. Cesarano, Esq.
     Florida Bar No. 708364
     Email: SCesarano@shutts.com
     Lauren K. Fernandez, Esq.
     Florida Bar No. 58570
     Email: LFernandez@shutts.com

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing was filed electronically via CMS on this 11th day of November, 2015 to:

J.H. Zidell, Esq.
J.H. Zidell, P.A.
300 71st Street, Suite 605
Miami Beach, Florida  33141
Ph: (305) 865-6766
Fx: (305) 865-7167
E-Mail: zabogado@aol.com

     /s/  Sheila M. Cesarano
        Of Counsel