UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 1:15-cv-22708-KMM

DAGOBERTO CATALINO
DIAZ HERNANDEZ, and all others similarly
situated under 29 U.S.C. § 216(b),

    Plaintiff,

v.

LAUNDRY ZONE, INC.,
JOSEPH LAHOUD,
JEANNE D'ARC LAHOUD,

    Defendants.
_____/

**ORDER DENYING DEFENDANTS' MOTION TO DISMISS
OR, IN THE ALTERNATIVE, MOTION FOR SUMMARY JUDGMENT**

This cause is before the Court on the Defendants' Motion to Dismiss or, in the Alternative, Motion for Summary Judgment (ECF No. 15). For the reasons that follow, the motion is denied.

**I.   BACKGROUND**

This is an action for back wages brought under the Fair Labor Standards Act, 29 U.S.C. §§ 201–216 (the "FLSA"). The four-count Amended Complaint alleges violations of federal overtime and minimum wage laws (Counts I and II), violations of Florida minimum wage laws (Count III), and unlawful retaliatory discharge (Count IV). As relief, Plaintiff Dagoberto Catalino Diaz Hernandez (the "Plaintiff") seeks liquidated damages, injunctive relief, and attorney's fees and costs.

1

## II.     LEGAL STANDARD

Two legal standards apply here. To survive a Rule 12(b)(6) motion to dismiss,[1] while a complaint need not set forth detailed factual allegations, a plaintiff's obligation to provide the grounds for relief requires more than labels and conclusions, and "a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted). "Factual allegations must be enough to raise a right to relief above the speculative level." *Id.* "[C]onclusory allegations, unwarranted deductions of fact or legal conclusions masquerading as facts will not prevent dismissal." *Oxford Asset Mgmt., Ltd. v. Jaharis*, 297 F.3d 1182, 1188 (11th Cir. 2002). The Court must accept all of the plaintiff's allegations as true in determining whether a plaintiff has stated a claim for which relief could be granted. *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984).

Summary judgment, meanwhile, is appropriate where there is "no genuine issue as to any material fact [such] that the moving party is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). A genuine issue of material fact exists when "a reasonable jury could return a verdict for the non-moving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). "If reasonable minds could differ on the inferences arising from undisputed facts, then a court should deny summary judgment." *Allen v. Tyson Foods, Inc.*, 121 F.3d 642, 646 (11th Cir. 1997) (citation omitted). But if the record, taken as a whole, cannot lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial, and summary judgment is proper. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). In deciding a motion for summary judgment, the Court must view all of the

---

[1] Although the Defendants' motion does not specify the grounds on which they seek dismissal, it is clear that it does so under Rule 12(b)(6) for failure to state a claim.

evidence in the light most favorable to the non-moving party, drawing all reasonable inferences in the non-movant's favor. *Id.*

## III. DISCUSSION

The Defendants move for dismissal or, in the alternative, summary judgment on three grounds.[2] First, they argue that the Plaintiff does not have standing to pursue a FLSA claim because he was an independent contractor, not an employee. Second, they maintain that Defendant Laundry Zone, Inc. is not subject to the provisions of the FLSA because it is not engaged in interstate commerce and has not engaged in the production of goods for commerce. Lastly, the Defendants contend that Laundry Zone is not an enterprise covered by the FLSA. As shown more fully below, however, dismissal is inappropriate because the Plaintiff has pleaded a valid claim for relief under the FLSA, while summary judgment is premature at this stage. Accordingly, the Defendants' motion is denied.

### A. The Defendants' Motion to Dismiss is Denied Because the Plaintiff Has Pleaded a Valid Claim for Relief Under the FLSA

The Plaintiff has pleaded a valid FLSA claim on which relief can be granted. To state a FLSA claim, all a plaintiff must allege is a failure to pay overtime compensation or minimum wages to a covered employee or a failure to keep payroll records in accordance with the Act. *Sec'y of Labor v. Labbe*, 319 F. App'x 761, 763 (11th Cir. 2008). That is precisely what the Plaintiff has done here. In the Amended Complaint, the Plaintiff alleges that the Defendants failed to pay him and others similarly situated overtime compensation and minimum wages, and that he is a covered employee. *See* Am. Compl. ¶¶ 3–22. At the dismissal stage, that is enough to allow these proceedings to go forward.

---

[2] The Defendants seek dismissal of, or summary judgment on, their FLSA claims only.

### B. The Defendants' Alternative Motion for Summary Judgment Is Denied As Premature

The Defendants' motion for summary judgment, moreover, is premature. A court should grant summary judgment only after the parties have conducted sufficient discovery to determine whether there is a genuine issue of material fact. *See* Fed. R. Civ. P. 56(c); *Hoffman v. Allied Corp.*, 912 F.2d 1379, 1383–84 (11th Cir. 1990). Here, the Defendants move for summary judgment on the basis of one affidavit, and as far the Court can tell, the parties have yet to conduct any substantive discovery. That is not enough for this Court to adjudicate the merits of the case.

### IV. CONCLUSION

For the foregoing reasons, the Defendants' Motion to Dismiss or, in the Alternative, Motion for Summary Judgment (ECF No. 15) is denied.

Done and ordered in Chambers at Miami, Florida, this  4th  day of December, 2015.

K. MICHAEL MOORE
CHIEF UNITED STATES DISTRICT JUDGE

cc: Counsel of record